**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PETER FRAZZETTO, JR.,**

                    **Plaintiff,**

**-vs-**                                           **Case No. 6:07-CV-948-0RL-28KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

                    **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

        This cause came on for consideration without oral argument on the Complaint

filed by Peter Frazzetto, Jr., seeking review of the final decision of the Commissioner of

Social Security denying his claim for social security benefits.  Doc. No. 1.  The

Commissioner answered the Complaint and filed a certified copy of the record before the

Social Security Administration (SSA).  Doc. No. 8, 10, 14.

**I.      PROCEDURAL  HISTORY.**

        Frazzetto applied for disability benefits under the Federal Old Age, Survivors and

Disability Insurance Programs (OASDI), 42 U.S.C. § 401 *et seq*. (sometimes referred to

herein as the Act).  R. 48-51.  He alleged that he became disabled on January 1, 1987.

R. 48.  Frazzetto's application was denied initially and on reconsideration. R. 28, 39-41B.

Frazzetto requested a hearing before an administrative law judge (ALJ).  R. 37. An ALJ held a hearing on September 5, 2006.  Frazzetto, represented by an attorney, testified at the hearing.  R. 306-20.

After considering the testimony and the medical evidence presented, the ALJ determined that Frazzetto was insured under OASDI through December 31, 1990. R. 15. The ALJ found that Frazzetto had not engaged in substantial gainful activity since the alleged onset date of his disability. R. 17.

The ALJ concluded that at the time the decision was rendered Frazzetto suffered from a severe mental impairment.  R. 18.  However, the ALJ found that the medical records did not establish "the existence of a medically determinable impairment, which was severe enough to warrant treatment and/or restrict the claimant from performing any work-related activities from January 1, 1987, through December 31, 1990." R. 18.  In reaching this conclusion, the ALJ relied on the opinions of psychologists who had reviewed Frazzetto's medical records.  R. 18.  The ALJ did not discuss the opinion of Dr. Budde, a treating psychiatrist, who opined in 2006 that Frazzetto suffered from post-traumatic stress disorder ("PTSD") as early as the 1970s.  *See* R. 305A.

Based on the finding that Frazzetto did not have a severe mental impairment prior to December 31, 1990, the ALJ concluded that Frazzetto was not disabled.  R. 18.

Frazzetto requested review of the ALJ's decision. R. 10.  On March 30, 2007, the Appeals Council issued a decision finding no basis to review the ALJ's decision.  R. 4-6. Frazzetto timely sought review of this decision by this Court.  Doc. No. 1.

## II.     JURISDICTION.

Plaintiff having exhausted his administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

## III.     STATEMENT OF FACTS.

After a complete review of the record, I find that the parties' memorandum coupled with the ALJ's decision provide an adequate statement of the relevant facts. Accordingly, I will only summarize pertinent portions of the record to protect Frazzetto's privacy as much as possible.

Frazzetto was 42 years old as of the date last insured.  R. 309.  He served in the Army from 1968 through 1970, including spending 14 months in combat in Vietnam. During that time, he saw a lot of death and killing.  R. 309-10.  He was discharged in May 1970.  R. 311.

After he returned to the United States, he had problems with anger and social problems.  He isolated himself from others.  R. 310. He had difficulty responding to supervision at work.  R. 310-11. He told the Veterans Administration (VA) on June 25, 1981, that he had been fired from a job due to insubordination.  R. 353.

He began seeking treatment in May 1971 through VA facilities.  R. 311, *see also* R. 335.  A VA treatment note dated May 7, 1971, reads in part as follows:

> "[Frazzetto] talks incessantly – has flight of ideas: i.e. relates events in Vietnam; then switches to being mal-treated by a policeman when picked up for drug suspicion, then talks about nervousness, etc.  Says that for the past year he has exhibited poor impulse control.  He clenches his fists and

> says he really enjoyed killing in Vietnam.  When wife wakes him up in the morning, he almost physically attacks her & at her suggestion is seeking help.

R. 403.

VA records from 1971 through 1985 reflect that Frazzetto was prescribed Seconol, Valium and Xanax, due to an anxiety disorder and anger.  R. 376, 378, 441, *see also* R. 355-447.  Treatment notes reflect that Frazzetto's mental condition improved with use of medication.  *See, e.g.,* R. 415, 426, 429, 434.  Nevertheless, from time to time he reported that he was easily aggravated and had difficulty sleeping through the night, and treatment providers observed that he was occasionally tense and anxious.  *see, e.g.,* R. 345, 360-61, 367, 375, 378, 380, 393, 397, 400, 402-03, 429, 435; *see also* R. 359. In February 1984, Anthony A. Pelosi, M.D., wrote that Frazzetto would require continued treatment for his psychiatric condition.  R. 440.  There are no records of treatment from 1985 through 1995.

The VA examined Frazzetto for PTSD in October 1997.  R. 449-53.  The examination report recounts Frazzetto's description of the problems he had had holding a job since being discharged by the Army.  He reported that he could not stand being yelled at and ordered around.  Although he held a job with the Long Island Railroad for 7 to 8 years, he was eventually fired for insubordination.  R. 450. The diagnosis was PTSD, with a present global assessment of functioning (GAF) score of 41.[1]  R. 453.

_____

[1] The Global Assessment of Functioning (GAF) scale is used to report an [2] individual's overall level of functioning. HAROLD I. KAPLAN, M.D. & BENJAMIN J. SADOCK, M.D., SYNOPSIS OF PSYCHIATRY 299 (8th ed. 1998) (hereinafter SYNOPSIS OF PSYCHIATRY). A GAF rating between 41 and 50 reflects: "Serious symptoms (eg, suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupation, or school functioning (eg, no friends, unable to

Douglas R. Budde, M.D., a board certified psychiatrist, began treating Frazzetto at least as of January 2002.  R. 140.  In January 2002, Dr. Budde opined that Frazzetto suffered from chronic and severe PTSD.  R. 141.  He assessed Frazzetto with a GAF score of 40.  R. 140-41.  In later treatment notes, Dr. Budde opined, after reviewing Frazzetto's medical records, that Frazzetto had suffered from PTSD for some time, even though that was not the diagnosis originally used.  R. 304.  He wrote as follows:

> It is clear that the pt suffers from a severe and chronic condition, PTSD now and that this was caused by the intense and sustained traumatic events during combat in Vietnam. [T]he combat exposure was in 1969 to 1970.  The pt had clear symptoms consistent with ptsd in the 1970's, then in the 1980's and through to the present. . . . Based on my knowledge of the pt, the history of his case, I believe that this pt condition worsened to the point that by 1981 it was sufficiently severe to keep him from maintaining meaningful employment.

R. 305A.

Steven L. Wise, Psy.D., and Alejandro Evergara, M.D., reviewed Frazzetto's records at the request of the SSA in 2005.  Each of these physicians found insufficient evidence upon which to render a mental RFC assessment.  R. 279, 290.

## IV.   STANDARD OF REVIEW.

To be entitled to disability benefits under OASDI, a claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A.  A "physical or mental impairment" under the terms of the Act is one "that results from anatomical,

keep a job). *Id*.

physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). In a case seeking disability benefits under OASDI, the claimant also must show that he or she became disabled before his or her insured status expired in order to be entitled to disability benefits. 42 U.S.C. § 423(c)(1); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979).

Pursuant to 42 U.S.C. § 405(a), the SSA has promulgated a five-step inquiry that must be followed in determining whether a claimant is entitled to benefits. In sum, an ALJ must apply the following criteria, in sequence:

(1) Is the claimant presently unemployed?

(2) Is the claimant's impairment severe?

(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?

(4) Is the claimant unable to perform his or her former occupation?

(5) Is the claimant unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a)(4). An affirmative answer to any of the above questions leads to either the next question, or, on steps three and five, to a finding of disability. A negative answer leads to a finding of "not disabled." *See, e.g.*, *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

"The burden is primarily on the claimant to prove that he is disabled, and therefore entitled to receive Social Security disability benefits." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing 20 C.F.R. § 404.1512(a)). However, "the burden

temporarily shifts at step five to the Commissioner[,] . . . [who] must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform." *Id*. at 1278 n.2 (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).

A court's review of a final decision by the SSA is limited to determining whether the ALJ's factual findings are supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005), and whether the ALJ applied the correct legal standards, *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

The SSA's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g); *Dyer*, 395 F.3d at 1210.  "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Walden v. Schweiker*, 672 F.2d 835, 838-39 (11th Cir. 1982)(internal quotations omitted).

The court "must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [SSA's] decision."  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Where the SSA's decision is supported by substantial evidence, the court will affirm, even if the court finds that the proof preponderates against the decision.  *Dyer*, 395 F.3d at 1210.  The court may not reweigh the evidence or substitute its own judgment.  *Id*.

While there is a presumption in favor of the SSA's findings of fact, no such presumption attaches to the ALJ's legal conclusion about the proper standards to be applied in evaluating claims.  *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988).

Therefore, the court will reverse if the SSA incorrectly applied the law, or if the decision fails to provide the court with sufficient reasoning to determine that the SSA properly applied the law. *Keeton v. Dep't of Health & Human Serv's*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991)).

When reviewing a final decision issued by the SSA, the court is authorized to "enter . . . a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

## V.    ANALYSIS.

Frazzetto contends that the ALJ erred in finding at step two of the sequential evaluation process that he did not have a severe mental impairment before the date last insured. He argues that the ALJ also erred in failing to consider the opinion of Dr. Budde, a treating psychiatrist, regarding the onset and severity of his PTSD.

At step two of the sequential evaluation process, the ALJ must determine whether a claimant's impairment is severe or not severe. "Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected. The claimant's burden at step two is mild. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work . . . ." *McDaniel,*800 F.2d at 1031.

The ALJ based his conclusion that Frazzetto's mental impairment was not severe before the date last insured on treatment records that reflect that Frazzetto sometimes reported that his condition improved with medication. However, as summarized above, the same records reflect that Frazzetto continued to complain of anxiety and anger management problems from time to time, and treating professionals observed that he

was occasionally tense and anxious.  Moreover, in 1984, a doctor opined that Frazzetto would need ongoing psychiatric care, which is some indicia that Frazzetto's mental condition was neither slight nor trivial.

Mental impairments are generally regarded as slowly progressive impairments. *See, e.g., Volley v. Astrue,* Civil Action No. 1:07-cv-0138-AJB*, 2008 WL 822192, at * 13 (*N.D. Ga., March 24, 2008), and cases cited therein.  the ALJ in the present case concluded that Frazzetto's PTSD progressed to a severe impairment as of the date the ALJ rendered his decision.  Because no treatment records were presented for the period between the onset date and the date last insured, the opinion of a medical expert regarding when the impairment became severe is critical to support the ALJ's decision. *Cf.* Soc. Sec. Rul. 83-20, 1983 WL 31249 (Nov. 30, 1982)(addressing need for medical expert to determine onset date of disability in the case of slowly progressive impairments).

Dr. Budde, one of Frazzetto's treating psychiatrists, opined based on his treatment of Frazzetto and review of Frazzetto's treatment records that Frazzetto suffered from PTSD since the 1970s, and that his condition had worsened to such an extent that by 1981 it was sufficiently severe to keep him from maintaining meaningful employment.  A treating physician's opinion must be given great weight unless good cause not to do so is shown.  *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).   In this case, however, the ALJ did not discuss Dr. Budde's opinion, much less show good cause for failing to credit it.

Instead, the ALJ relied on the opinions of the reviewing physicians.  However, these opinions do not support the ALJ's conclusion that Frazzetto's condition was not

severe before the date last insured.  Rather, both of the reviewing physicians found the evidence insufficient to render a decision regarding whether Frazzetto's mental condition was severe before the date last insured.

Accordingly, remand is required to permit the Commissioner to reevaluate Frazzetto's application after giving due consideration to Dr. Budde's opinion.[2]  If Frazzetto received treatment between during the alleged disability period, it would be prudent for him to gather those records and present them to the SSA on remand.

## VI.    RECOMMENDATION.

For the reasons stated herein, I respectfully recommend that the decision of the Commissioner be **REVERSED** and the case **REMANDED** to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  I further recommend that the Court direct the Clerk of Court to enter judgment consistent with its decision on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within **ten (10) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended this 18th day of July, 2008.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[2]  Frazzetto also requests that the Court order the Commissioner to award him benefits.  An award of benefits is appropriate only when the Commissioner has considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt.  *See Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).  Because the Commissioner has not given due consideration to Dr. Budde's opinion, he has not yet considered all of the essential evidence.