**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**PETER FRAZZETTO, JR.,**

                        **Plaintiff,**

**-vs-**                                                                  **Case No. 6:07-cv-948-Orl-28KRS**

**COMMISSIONER SOCIAL SECURITY,**

                        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEE UNDER THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 24)** |
| **FILED:** | **October 10, 2008** |

**I. INTRODUCTION.**

Plaintiff Peter Frazzetto, Jr., seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. No. 24. On July 18, 2008, I found the Defendant Commissioner of Social Security Administration (the "Commissioner") had erred in finding Frazzetto was not disabled by, among other reasons, failing to explain why he "did not discuss Dr. Budde's opinion [a treating physician], much less show good cause for failing to credit it" and reaching a medical conclusion not supported by the reviewing physicians. Doc. No. 18 at 9-10. Accordingly, I recommended the Court reverse the decision of the Commissioner and remand the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* at 10.

The Commissioner timely objected to this Report and Recommendation. Doc. No. 19. The Court denied the Commissioner's objections and adopted and confirmed my Report and Recommendation. Doc. No. 20. A judgment was entered in accordance with that Order on September 2, 2008. Doc. No. 17.

Frazzetto filed the instant amended motion for fees pursuant to the EAJA on October 10, 2008. Doc. No. 24. The Commissioner of Social Security, opposed the motion, filing a response on October 22, 2008, opposing the award of EAJA fees alleging his position was substantially justified. Doc. No. 25. The time for the Commissioner to appeal the judgment has passed, and no appeal has been filed. Accordingly, Frazzetto's amended motion is ripe for consideration.

## II. ENTITLEMENT TO ATTORNEYS' FEES.

The United States Court of Appeals for the Eleventh Circuit has stated that a party seeking an award of fees under EAJA "is entitled to fees provided that 1) it is the prevailing party; 2) its application for fees is timely; 3) the position of the government was not substantially justified; and 4) no special circumstances make an award unjust." *Pollgreen v. Morris*, 911 F.2d 527, 532 (11th Cir. 1990). There is no dispute that Frazzetto is the prevailing party, and his motion for attorney's fees was timely filed. The Commissioner argues, however, that his denial of Frazzetto's application for disability benefits was substantially justified. Doc. No. 25.

> The burden of proving substantial justification is the Commissioner's, who must demonstrate the substantial justification of his position as a whole. *See United States v. Jones*, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997). . . . To be substantially justified, the Commissioner's position must have 'a reasonable basis in both law and fact.' *Id.* at 1425 (citations and internal quotation marks omitted). Still, the mere fact the cause was remanded to the Commissioner does not automatically establish his position was not substantially justified. *Reeves v. Bowen*, 841 F.2d 383, 385 (11th Cir. 1988)(per curiam).

*Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1359 (M.D. Fla. 2000).

The Commissioner has not sustained his burden of proving his position was substantially justified. The law has long been clear in this circuit that an ALJ cannot ignore the opinions of treating and examining professionals and reach his own medical conclusions. *See Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992). Moreover, to the extent that the ALJ finds that certain findings of treating or reviewing physicians are not supported by medical evidence, the ALJ must explain the basis of that conclusion. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

In this case, the ALJ disregarded the findings of Dr. Budde, a treating physician. Doc. No. 18 at 9. Furthermore, the ALJ did not following the directions in Social Security Ruling 83-20, 1983 WL 31249 (Nov. 30, 1982), regarding the need for a medical expert to determine the onset date of disability in the case of slowly progressive impairments. Under these circumstances, the Commissioner's decision was not substantially justified.

The Commissioner has not shown or argued that other circumstances make an award of attorney's fees unjust. Accordingly, Frazzetto is entitled to an award of reasonable attorney's fees.

**III. FRAZZETTO'S APPLICATION FOR FEES.**

Frazzetto's attorney seeks $4,429.69 in attorneys' fees for 26.25 hours of work performed in 2007. Doc. No. 24-3. The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI). 28 U.S.C. § 2412(d)(2)(A). Frazzetto has presented an analysis of changes in the CPI that supports adjustment of the rate in this case to $168.75 per hour for work performed in 2007. Doc. No. 24-3.

After reviewing the papers submitted by Frazzetto, I find that the attorneys' fees requested are appropriate in the absence of objection by the Commissioner to the amount of fees claimed.

Frazetto also seeks reimbursement of the $350.00 filing fee. The Court's docket reflects that this filing fee was paid. Accordingly, award of this cost is also appropriate.

The United States Court of Appeals for the Eleventh Circuit has recently held that EAJA attorneys' fees are awarded to the prevailing party, not to the prevailing party's attorney. *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008). Frazzetto has not submitted an agreement assigning any attorneys' fees awarded by the Court pursuant to the EAJA to Attorney Faerber. Therefore, the fees and costs will should be paid to Frazetto.

## IV.  RECOMMENDATION.

Accordingly, I recommend Frazzetto's motion be **GRANTED** and that the Commissioner be directed to pay to Peter Frazzetto, Jr., $4,429.69 in attorneys' fees and $350.00 in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 10, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Courtroom Deputy Clerk
Counsel of Record